UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LUCIA GARCIA, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 1:23-cv-11493 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| JASON CLIFT, MASON SARTI, individually, | ) | |
| and the CITY OF OTTAWA AND THE | ) | |
| CITY OF STREATOR, a municipal | ) | |
| corporation | ) | |
| | | |
| *Defendants.* | | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Lucia Garcia ("Plaintiff") brings a complaint against Defendant Officers Jason Clift and Mason Sarti and the City of Streator and the City of Ottawa, (collectively, "Defendants") under 42 U.S.C. § 1983 alleging five claims: false arrest (Count I), illegal detention (Count II), federal malicious prosecution (Count III), malicious prosecution under state law (Count IV), and indemnification (Count V). Before the Court is Defendants' motion to dismiss Plaintiff's illegal detention claim because it is duplicative of her federal malicious prosecution claim. For the following reasons, the Court denies Defendants' motion.

**Background**

The following summary is drawn from Plaintiff's second amended complaint, Dkt. 67, and Defendants' motion to dismiss, Dkt. 72. Plaintiff alleges she was wrongfully detained for seventeen days in November 2022 for several drug transactions. Plaintiff further alleges that Defendant Officers falsely testified that she committed drug crimes though she was not present or involved in the drug transactions. Plaintiff alleges there were no facts to support any criminal charge against her, no statement that she committed any crime, and no probable cause of any crime she was charged with.

1

Plaintiff's complaint includes five counts—three brought under § 1983 and two brought under Illinois law—each of which incorporates and realleges the facts from the prior. In Count I, for false arrest, Plaintiff specifically alleges that Clift, a City of Streator police officer, "was the main surveillance individual" at the alleged drug transactions, saw the surveillance video, and incorrectly identified Plaintiff as the perpetrator. She further alleges that Sarti, a City of Ottawa police officer, falsely testified that Plaintiff committed crimes though Plaintiff was not present at or involved in the transactions. Plaintiff was arrested and taken into custody for three counts of delivery of a controlled substance based on this information provided by Defendant Officers, despite there being no facts to support a criminal charge against her or probable cause of any crime she was charged with. She alleges that Defendant Officers' actions were done with willful and wanton recklessness, and with disregard for her rights. As a result of this conduct, Plaintiff alleges that she suffered violations of her constitutional rights, emotional anxiety, fear, emotional distress, monetary loss, embarrassment, pain and suffering, and damage to her reputation.

In Count II, styled as a "Manuel/Illegal Detention Claim," Plaintiff specifically alleges that she was held in custody for seventeen days at the LaSalle County Jail without probable cause in violation of her Fourth Amendment rights. She once again alleges that Defendant Officers' actions were intentional, willful, and wanton, and that as a result she experienced emotional anxiety, fear, emotional distress, pain and suffering, and monetary expense.

In Counts III and IV—malicious prosecution under federal and state law—Plaintiff specifically alleges that Defendant Officers made false statements during their investigation which resulted in her false arrest and malicious prosecution. She further alleges that their conduct was intentional, willful, wanton, and malicious, that the charges were without probable cause, and that their actions caused her to suffer fear, emotional distress, anxiety, physical harm, anxiety, loss of

liberty, and monetary expenses. Count V brings an indemnification claim against the City of Streator and the City of Ottawa holding the cities liable for any judgment obtained against Defendant Officers.

On September 6, 2024, Defendants brought this motion to dismiss Count II of Plaintiff's second amended complaint. The Court now turns to Defendants' motion.

## Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S. Ct. 1289, 1295, 179 L. Ed. 2d 233 (2011). To survive a motion to dismiss, a plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 167 L. Ed. 2d 1081 (2007) (per curiam).

## Discussion

### A. *Standard for striking duplicative claims*

At tension in Defendant's motion to dismiss are two maxims that govern the proper construction of a plaintiff's complaint at the pleading stage. The first, as the Seventh Circuit has repeatedly and explicitly made clear, is that "[t]he Federal Rules of Civil Procedure do not require a plaintiff to plead legal theories." *Chessie Logistics Co. v. Krinos Holdings, Inc.*, 867 F.3d 852, 859 (7th Cir. 2017) (collecting cases). The purpose of this rule is to ensure that a plaintiff's claim is not dismissed at summary judgment simply because she has changed her theory of the case based on the results of fact discovery. *See id* ("As a general rule, district courts should not hold plaintiffs to their earlier legal

theories unless the changes unfairly harm the defendant or the case's development—for example, by making it more costly or difficult to defend the case, or by causing unreasonable delay.") (internal quotations omitted). This leeway does not apply when a plaintiff seeks to change her factual theory at summary judgment, as such an attempt to alter the factual basis of a claim may amount to an impermissible attempt to amend the complaint. *Id.* (citing *Whitaker v. Milwaukee County*, 772 F.3d 802, 808 (7th Cir. 2014)).

Still, while plaintiffs can pursue different causes of action based on the same set of facts, they can only recover once for the injury. *See Lansing v. Carroll*, No. 11 C 4153, 2012 WL 4759241, at *2 (N.D. Ill. Oct. 5, 2012) (Lefkow, J.). This pulls in the second maxim for pleading construction: striking redundant material from a complaint. Federal Rule of Civil Procedure 12(f) permits a court, either on motion by the defendant before responding to the pleading or sua sponte, to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." The purpose of this rule is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing of those issues prior to trial." 61A Am. Jur. 2d Pleading § 391. In this same spirit, courts in this district have found that dismissal of a claim as duplicative of another brought in the same lawsuit is proper under Rule 12(b)(6) if the parties, claims, facts, and requested relief are substantially the same. *See, e.g.*, *Smith v. City of Chicago*, No. 23-CV-05121, 2024 WL 3757127, at *2 (N.D. Ill. Aug. 12, 2024) (Coleman, J.) (citing *Norfleet v. Stroger*, 297 Fed. Appx. 538, 540 (7th Cir. 2008)); *Beringer v. Standard Parking O'HARE Joint Venture*, No. 07-CV-05027, 2008 WL 4890501 (N.D. Ill. Nov. 12, 2008) (Pallmeyer, J.). Still other courts have denied such motions at the pleading stage as being premature, for misstating the elements of the purported duplicative claims, or because the two claims seek different relief. *See, e.g.*, *Lansing v. Carroll*, No. 11-CV-04153, 2012 WL 4759241, at *1 (N.D. Ill. Oct. 5, 2012) (Lefkow, J.) (collecting cases); *Willborn v. Sabbia*, No. 10-CV-05382, 2011 WL 1900455, at *6 (N.D. Ill. May 19, 2011) (Der-Yeghiayan, J.) (declining to dismiss claims as duplicative stating that "this action is merely

4

at the pleadings stage and . . . [i]t can be properly ascertained whether the . . . claims are truly duplicative at the summary judgment stage after discovery has been conducted").

In sum, whether a claim can be struck as duplicative of another at the pleading stage rests on whether the parties, claims, facts, and requested relief are substantially the same such that dismissal would streamline subsequent litigation and discovery.

B. *Malicious prosecution under the Fourth Amendment*

The parties, alleged injuries, and relief sought from the § 1983 claims at issue in Defendants' motion—Count II, illegal detention pursuant to *Manuel v. City of Joliet*, 580 U.S. 357, 137 S. Ct. 911, 197 L. Ed. 2d 312 (2017) and Count III, malicious prosecution—are unassailably duplicative. Both are brought against the same parties (Defendant Officers), allege the same injuries (emotional distress and monetary expenses) and seek the same relief (reasonable compensatory damages, punitive damages, and costs). Count III incorporates the same factual allegations as Count II, adding only that Defendant Officers proceeded with charges against Plaintiff knowing that they were false and noting that the matter was dismissed with prejudice on June 23, 2023.

Where the parties disagree are the legal elements of these two claims. Defendants argue that the two claims are analogous, drawing on this Court's holding in *Smith v. City of Chicago* and the Supreme Court's holding in *Thompson v. Clark*, 596 U.S. 36, 142 S. Ct. 1332, 212 L. Ed. 2d 382 (2022). In response, Plaintiff asserts that for a "*Manuel* claim" to be actionable, the person only has to be detained without probable cause and that this claim exists "before a judicial determination of probable cause is made." (Dkt. 92.) Additionally, Plaintiff argues that for a malicious prosecution claim, "a necessary element is that the "motive for instituting the suit was malicious," whereas a *Manuel* claim is "a purely objective inquiry." (*Id.*) To support her interpretation, Plaintiff cites two cases from federal courts in Indiana where the courts addressed a claim for unlawful pretrial detention and for malicious prosecution as unique causes of action. *See Tyree v. Eastwood*, No. 1:23-CV-02303-JMS-MJD,

2024 WL 758021 (S.D. Ind. Feb. 21, 2024); *Gault v. Galligan*, No. 3:22-CV-879-DRL-MGG, 2023 WL 3947618 (N.D. Ind. June 12, 2023).

Contrary to Plaintiff's arguments, the Supreme Court's holdings in *Manuel* and *Thompson* make clear that there is no distinction between Plaintiff's self-styled "*Manuel* claim" and a malicious prosecution claim. In *Manuel*, the Supreme Court addressed the question of whether a person may bring a claim based on the Fourth Amendment to contest the legality of his pretrial confinement, holding that post-legal-process violations properly constitute a violation of rights under the Fourth Amendment. 580 U.S. at 359, 363. In their holding, the Court defined the contours of a post-legal-process Fourth Amendment claim through the lens of the common-law tort of malicious prosecution, namely that the arrest be without probable cause and that the unlawful proceeding terminate in favor of the accused. *Id.* at 371–72.

Later, in *Thompson v. Clark*, the Supreme Court noted that a § 1983 claim for malicious prosecution is "sometimes referred to as a claim for unreasonable seizure pursuant to legal process." 596 U.S. at 42. Once again drawing on tort law, the Court explained that the elements of a malicious prosecution claim are as follows: (i) the suit or proceeding was "instituted without any probable cause"; (ii) the "motive in instituting" the suit "was malicious," which was often defined in this context as without probable cause and for a purpose other than bringing the defendant to justice; and (iii) the prosecution "terminated in the acquittal or discharge of the accused." *Id.* at 44. In doing so, the Court specifically stated that it "need not decide whether a plaintiff bringing a Fourth Amendment claim under § 1983 for malicious prosecution must establish malice (or some other *mens rea*) in addition to the absence of probable cause." *Id.* at n.3. "[T]he gravamen of the Fourth Amendment claim for malicious prosecution . . . is the wrongful initiation of charges without probable cause," the Supreme Court explained, "And the wrongful initiation of charges without probable cause is likewise the gravamen of the tort of malicious prosecution." *Thompson,* 596 U.S. at 43. While state law actions for

6

malicious prosecution may include a requirement for subjective intent, federal courts have not required such a showing.

This Supreme Court precedent makes clear that, contrary to Plaintiff's argument that there is an objective/subjective distinction between a "*Manuel* claim" and a malicious prosecution claim, there is in fact no difference in the legal elements between the two claims under the Court's current jurisprudence. Viewed in this light, Plaintiff's three counts describing alleged Fourth Amendment violations in her complaint boil down to two injuries: a pre-legal-process violation of her Fourth Amendment rights due to false arrest (Count I) and a post-legal-process violation of her Fourth Amendment rights due to her unlawful pretrial detention after charges were brought against her (Counts II and III). Regardless of what Plaintiff may call these injuries, the facts and relief available remain unchanged. As such, Counts I and II of her complaint are duplicative.

*C. Duplicative nature of Plaintiff's Fourth Amendment claims*

Just because Plaintiff's § 1983 claims are duplicative, however, does not mean that her illegal detention claim must be struck. As noted by Defendants in their motion, in *Smith v. Chicago*, this Court struck a similarly styled unlawful pretrial detention claim as being duplicative of a malicious prosecution claim. 2024 WL 3757127, at *2. There, as here, the plaintiff brought a claim of "illegal seizure" under § 1983 as well as a claim for malicious prosecution under § 1983 against the same subset of defendants, the same underlying facts, and the same unreasonable seizure. In striking plaintiff's illegal seizure claim as duplicative, the Court cited to *Thompson* to explain, as it has done here, that a Fourth Amendment claim of illegal pretrial detention, or "unreasonable seizure pursuant to legal process," is analogous to malicious prosecution. *Id.* (citing *Thompson*, 596 U.S. at 43). As such, the terms "illegal seizure," "unreasonable seizure," and "malicious prosecution" in the context of unlawful pretrial detention claims all refer to the same Fourth Amendment violation.

7

Plaintiff's arguments that the present case is distinguishable from *Smith v. Chicago* are unavailing. The semantic difference between a § 1983 claim stylized as "Illegal Seizure" as opposed to "Illegal Detention pursuant to <u>Manuel v. City of Joliet</u>" as Plaintiff has done here only highlights the interchangeability of the terms. Nor is it relevant that the plaintiff in *Smith* did not "respond to the substance of Defendants' argument that his claims were duplicative," Dkt. 92; a lack of argument does not change the reality of precedent.

Still, despite these similarities, Defendants have not demonstrated that dismissing Count II of Plaintiff's complaint will streamline remaining discovery and litigation and avoid unnecessary expense to justify the Court abrogating her right to plead her case in the manner she chooses. In contrast, in her response to Defendants' motion, Plaintiff avers that she "wholeheartedly" believes that she will be prejudiced if Count II of her complaint is dismissed. The Court can only speculate as to what that prejudice may be. But given this uncertainty, and the evolving nature of the Supreme Court's malicious-prosecution jurisprudence, a final determination of the validity of her argument that there is a substantive distinction between her "*Manuel* claim" and malicious prosecution claim is best saved for summary judgment.

Accordingly, the Court denies Defendants' motion to dismiss Count II of Plaintiff's second amended complaint as duplicative of Count III.

**Conclusion**

For these reasons, the Court denies Defendant's motion to dismiss Count II of Plaintiff's second amended complaint [72].

**IT IS SO ORDERED.**

Date: 4/21/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge